UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | December 21, 2015 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**  Order DENYING Plaintiff's *ex parte* Application

     This case was removed to federal court on May 15, 2014.  The parties have already litigated two motions to dismiss, which were both denied in part and granted in part.  *See* Dkt. # 20, 37.  Trial is set for May 3, 2016.  *See* Dkt. # 56.  On December 18, 2015 Plaintiff filed an *ex parte* application seeking to have the case remanded to California Superior Court on the basis of abstention.  Dkt. # 59.  Plaintiff briefly explains that there are several related cases pending in state court.  *See id.* at 2.  Those trials are not scheduled until 2017.

     The law on *ex parte* applications is well-settled in this circuit.  In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fail in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 2015).

     Here, Plaintiff's *ex parte* application fails because Plaintiff has not explained why its cause will be irreparably prejudiced if the motion to remand is heard according to regular noticed procedures.  Accordingly, Plaintiff's application for *ex parte* relief is DENIED.

     **IT IS SO ORDERED.**