UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's *Ex Parte* Application

This case was removed to federal court on May 15, 2014. The parties have already litigated two motions to dismiss, which were both denied in part and granted in part. *See* Dkt. # 20, 37. Trial is set for May 3, 2016. *See* Dkt. # 56. On December 18, 2015 Plaintiff filed an *ex parte* application seeking to have the case remanded to California Superior Court on the basis of abstention. Dkt. # 59.

The Court denied the *ex parte* application on December 21, 2015. *See* Dkt. # 60. In doing so, the Court articulated the standard used by this circuit to assess applications for *ex parte* relief. *See id.* To justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the motion is heard according to regularly noticed procedures; and (2) that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff filed another *ex parte* application on December 28, 2015, again seeking to have the case remanded, stayed, or to allow Plaintiff to dismiss the action without prejudice. *See* Dkt. # 61. Plaintiff asks the Court for *ex parte* relief because she contends that by insisting on taking a deposition, Defendant's counsel has "placed [her] in the untenable position of having to front $38,000.00" for a case that "should be back in state court." *Id.* at 5.

Plaintiff has still not explained how her legal cause will be irreparably damaged if the motion is heard according to regularly noticed procedures. That Plaintiff will have to front her legal bills does not "show why [she] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission* Power*, 883 F. Supp. at 492.* This Court's standing order specifies that *ex parte* applications are solely for extraordinary relief and should be used with discretion, *see Standing Order* ¶ 10, and disputes over discovery do not warrant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

such extraordinary relief. Plaintiff is reminded that further abuse of the *ex parte* process will result in sanctions. *See id.*

For the foregoing reasons, Plaintiff's application is DENIED.

**IT IS SO ORDERED.**