UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**    Order DENYING Plaintiff's Motion to Remand

     Before the Court is Plaintiff Kristine Rodas' ("Plaintiff") motion to remand or, in the alternative, to stay the case or dismiss this action without prejudice. *See* Dkt. # 88. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. Proc. 78(b); Local Rule 7-15. After considering the arguments in the moving and opposing papers, the Court DENIES the motion.

I.    Background

     This action arises from the death of Plaintiff's late husband ("Rodas") in a fatal single vehicle car crash which occurred in November, 2013. The other passenger in the vehicle – actor Paul Walker IV – was also killed. Plaintiff filed her original complaint against Defendant Porsche Cars North America, Inc. ("Defendant") in the Superior Court of Los Angeles County on May 12, 2014 and Defendant removed the action based on diversity jurisdiction. Dkt. # 1, Ex. A. Defendant then filed a motion to dismiss, which this Court granted in part and denied in part. Dkt. # 20. Plaintiff then filed a First Amended Complaint ("FAC") on November 3, 2014. Dkt. # 26. Defendant moved to dismiss for a second time, and again this Court granted in part and denied in part the motion in February, 2015. Dkt. # 37. After nine months of litigation, Plaintiff's remaining claims were that the Porsche Carrera GT ("the Vehicle") had four defects: (1) "failure of the suspension component (the right rear toe adjustor rod)"; (2) "absence of a crash cage"; (3) "substandard side impact protection"; and (4) "lack of a fuel cell." Dkt. # 37. The FAC sought damages for Plaintiff, individually and as successor-in interest, as well as on behalf of Rodas' estate. Dkt. # 26, ¶¶ 89, 91-93. Defendant answered and discovery began. On June 26, 2015, the Court entered a Scheduling Order which set July 22, 2015 as the deadline for Plaintiff to amend the complaint in order to add claims or parties. *See* Dkt. # 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

By June 30, 2015, Plaintiff had the name of the Vehicle's designer and manufacturer, as well as the name of the Vehicle's original seller. The California Highway Patrol had released a Multidisciplinary Accident Investigation Team report ("MAIT report") on March 17, 2014. Dkt. # 98-1, *Declaration of Christopher Spencer* ["Spencer Decl."] ¶ 2. The MAIT report, which Defendant disclosed to Plaintiff through its initial disclosures on June 30, 2015, indicated that the Vehicle was first sold by Beverly Hills Porsche – legally, Cranbrook Partner, Inc. ("Cranbrook") – on March 12, 2005. *Id.* ¶¶ 2-4. Defendant's initial disclosures also stated that employees and former employees of Dr. Ing. h.c. F. Porsche Aktiengesellschaft ("Porsche AG") were likely to have discoverable information about the design, manufacture and testing of the Vehicle. *Id.* ¶ 6; Dkt. 98-3 at 3, 4. The MAIT report contained the information for three representatives of Porsche AG. *Spencer Decl.* ¶ 5; Dkt. 98-5. Despite having this information, Plaintiff did not amend its complaint to add either Cranbrook or Porsche AG by the July 22 deadline, but continued to participate in discovery in anticipation of the December 15, 2015 discovery cutoff. *See* Dkt. # 48.

Meanwhile, Meadow Rain Walker, the natural child of Paul Walker IV, filed an action in Los Angeles Superior Court against Defendant, Porsche AG, and Cranbrook ("Walker action"). *Mot.* 1. Despite having failed to add Porsche AG and Cranbrook to this action by the July 22 deadline, Plaintiff's counsel then filed an action in Plaintiff's name in Los Angeles Superior Court on November 25, 2015 against Porsche AG and Cranbrook ("Plaintiff's state action"). *Spencer Decl.* ¶ 10; Dkt. # 98-6. On January 28, 2016, Plaintiff's counsel filed another action in the name of a guardian ad litem on behalf of the Rodas children in Los Angeles Superior Court, against Porsche AG, Cranbrook and Defendant ("Rodas children's action"). *Spencer Decl.* ¶ 11; Dkt. # 98-7. With the exception of one additional cause of action in Plaintiff's state case, Plaintiff's state action and the Rodas children's action assert the same causes of action and the same defect claims asserted in this case. *Spencer Decl.* ¶¶ 10-11; Dkts. # 98-6, 98-7.

On December 18, 2015, Plaintiff filed an *ex parte* motion to remand or stay this case. Dkt. # 59. After the Court denied Plaintiff's motion, Plaintiff filed another *ex parte* motion to remand on December 28, 2015. Dkts. # 60, 61. Again, the Court denied the *ex parte* motion. Dkts. # 61, 80. Defendant moved for summary judgment on December 29, 2015. Dkt. # 63. Before responding to Defendant's motion for summary judgment, Plaintiff filed a regularly noticed motion to remand on January 25, 2016. Dkt. # 83. After the Court notified Plaintiff of the motion's deficiencies and Plaintiff did not correct them, the Court struck the third motion to remand on February 2. Dkt. # 85. Plaintiff then filed the present motion on February 3, 2016. Dkt. # 88.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

Plaintiff asks the court to issue either: (1) an order remanding this action to state court so that it may be tried with the two pending state court actions arising from the same incident; (2) an order staying this action pending resolution of the two parallel state cases; or (3) an order permitting Plaintiff to dismiss this action without prejudice pursuant to Federal rule of Civil Procedure ("FRCP") 41. *Mot.* 1. Plaintiff's state case is currently set for trial on May 25, 2016, and Plaintiff expects it to be consolidated with the Walker action. *Id.* at 1-2. Trial in this case is set for May 3, 2016. *See* Dkt. # 52.

II.     Discussion

Plaintiff argues that either remand or a stay is appropriate on the basis of abstention under both the *Colorado River* doctrine and the *Younger* doctrine. *See Mot.* 2. Plaintiff also asks the Court to dismiss this action without prejudice under FRCP 41. *See id.* at 6. The Court addresses each request in turn.

   A.     Colorado River Abstention

Plaintiff first argues that the Court should stay or remand this action based on the *Colorado River* doctrine. *Mot.* 2. Federal Courts have a "virtually unflagging obligation…to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). As a result, "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may warrant a stay of federal proceedings pending the resolution of state proceedings involving the same matter. *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)) (internal quotation marks and alteration omitted).

The Supreme Court and the Ninth Circuit have identified eight factors courts must consider as part of a *Colorado River* analysis: (1) whether the state court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal rights of the litigants; (7) the desire to avoid forum shopping; (8) whether the pending state court proceeding resolves all issues in the federal suit. *See Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-27 (1983); *Colorado River*, 424 U.S. at 818-19: *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | | Date | March 30, 2016 |
|---|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | | |

Cir. 2011); *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002); *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367-68 (9th Cir. 1990).

A court's analysis must rest "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Cone Mem'l Hosp.*, 460 U.S. at 16. The court may only decline to exercise jurisdiction if there are "exceptional circumstances," and the "clearest of justifications" weigh in favor of a stay. *See id.* at 19; *Colorado River*, 424 U.S. at 819; *see also Travelers*, 914 F.2d at 1369 ("Any doubt as to whether a factor exists should be resolved against a stay[.]"). "Abstention from the exercise of federal jurisdiction is considered 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Am. Int'l Underwriters (Phillipines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).

In arguing that the Court should invoke *Colorado River* abstention and remand this case, Plaintiff states conclusorily that remand "will foreclose the possibility of piecemeal litigation." *Mot.* 4. Despite asking the Court to invoke an "extraordinary and narrow" exception, Plaintiffs do not bother to explain *how* remand will foreclose the possibility of piecemeal litigation.

Moreover, the Ninth Circuit has observed that "[t]he possibility of a race to judgment is inherent in a system of dual sovereigns and, in the absence of exceptional circumstances, that possibility alone is insufficient to overcome the weighty interest in the federal courts exercising their jurisdiction over cases properly before them." *AmerisourceBergen v. Roden*, 495 F.3d 1143, 1151 (9th Cir. 2007) (citations and internal quotations omitted). That this action may require determination of the same factual issues which will be resolved in Plaintiff's state action or the Walker action does not alone weigh in favor of remand. *See U.S. v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001) ("*Colorado River* does *not* say that every time it is possible for a state court to obviate the need for federal review by deciding factual issues in a particular way, the federal court should abstain…such a holding would 'make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.'") (emphasis in original) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). Nor is the Court persuaded that it should abstain merely because a decision on the merits in this case may have preclusive effect in Plaintiff's state case. *See AmerisourceBergen*, 495 F.3d at 1151 ("The Supreme Court has rejected the notion that federal courts should abstain whenever a suit involves claims or issues simultaneously being litigated in state court merely because whichever court rules first will, via

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

the doctrines of res judicata and collateral estoppel, preclude the other from deciding that claim or issue.").

Instead, the concern for avoidance of piecemeal litigation weighs in favor of a stay only when "there is evidence of a strong federal policy that all claims should be tried in the state courts." *Morros*, 268 F.3d at 706 (holding that *Colorado River* did not apply where there was no evidence that Congress had passed a law expressing a preference for unified state adjudication). There is no evidence of any such policy here.

Several other factors weigh against granting Plaintiff's request, or else are neutral. For example, the first factor is neutral because there is no "property" under the jurisdiction of either court. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (first factor is irrelevant where there is no *res* in control of either court). The second factor weighs against abstention because Plaintiff cannot plausibly argue that litigating the case in the Central District of California is more inconvenient than litigating it in the Superior Court in Los Angeles County. The sixth factor is also neutral, because the litigants' federal rights are not at issue in this case.

The fourth factor – the order in which the courts obtained jurisdiction – weighs against abstention because this Court was the first to assume jurisdiction over the case. Although the Ninth Circuit has noted that the priority of suit factor "must be applied in a pragmatic, flexible manner, so that priority is not measured exclusively in terms of which complaint was filed first, but rather in terms of how much progress was actually made in the state and federal actions," *Am. Int'l Underwriters*, 843 F.2d at 1258, extensive progress has been made in this case. This case was filed nearly two years ago. The parties have litigated two motions to dismiss, engaged in extensive discovery, and briefed a motion for summary judgment. There are 112 entries in the docket. That Plaintiff filed this motion at such a late stage weighs against a finding that abstention is appropriate. *See Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 542 (9th Cir. 1985) (dismissal under *Colorado River* was inappropriate where "[t]he issues before the district court had been fully briefed and were ripe for resolution of the entire dispute"); *see also Trinity Christian Cntr. of Santa Ana, Inc. v. McVeigh*, No. SACV 13-1334 DOC (RNBx), 2013 WL 5935562, at *4 (C.D. Cal. Oct. 31, 2013) (priority of suit factor weighed against abstention where state court action was filed first but federal court was "already entertaining dispositive motions" against the defendant).

Finally, the Court finds it persuasive that Plaintiff's counsel appears to be forum shopping in order to rectify its own errors and avoid an adverse ruling by this Court. Plaintiff failed to add Cranbrook or Porsche AG as defendants before this Court's deadline for adding parties had passed. Shortly thereafter, Plaintiff's counsel filed a nearly identical action in state court on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

Plaintiff's behalf, naming Cranbrook and Porsche AG as defendants. Plaintiff's counsel then filed the Rodas children's action naming as defendants Cranbrook, Porsche AG and Defendant. Plaintiff's counsel appears to have initiated parallel state proceedings as a means of pursuing claims which it inadvertently forfeited in this action. Moreover, Plaintiff filed her first *ex parte* motion seeking remand on December 18, 2015, a mere three days after the close of discovery. The Court is therefore skeptical that Plaintiff seeks abstention as a means of avoiding duplicative efforts, rather than as a means of avoiding an adverse ruling which appeared probable once discovery had closed. Plaintiff's council should not be permitted to invoke the *Colorado River* doctrine as a means of fixing mistakes it made in this action or avoiding an adverse ruling which might have preclusive effect in the parallel state claims. *See Merritt v. Countrywide Fin. Corp.*, No. 09-cv-01179-BLF, 2015 WL 5542992, at *24 (N.D. Cal. Sept. 17, 2015) (holding that courts should be wary of allowing plaintiffs to use abstention to avoid the preclusive effect of a court's ruling where the record suggests a degree of forum shopping).

In sum, the Court does not find that the circumstances here justify invoking "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *See Am. Int'l Underwriters*, 843 F.2d at 1258. Plaintiff's motion for abstention based on the *Colorado River* doctrine is therefore DENIED.

      B.      Younger Abstention

Plaintiff also argues that the Court should abstain from exercising jurisdiction over this case based on the *Younger* doctrine. The *Younger* doctrine reflects the Supreme Court's "'longstanding public policy against federal court interference with state court proceedings' based on principles of federalism and comity." *Miles v. Wesley*, 801 F.3d 1060, 1063 (9th Cir. 2015) (quoting *Younger v. Harris*, 401 U.S. 37, 43 (1971)).

In the Ninth Circuit, four requirements must be met for *Younger* abstention to apply: (1) a state-initiated proceeding is ongoing; (2) the state-initiated proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the state proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (2008). All four factors must be satisfied to warrant abstention. *Logan v. U.S. Bank National Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013).

The pending state actions in this case fail several prongs of the Ninth Circuit's test. First, the state actions are tort actions between private parties, rather than state-initiated proceedings. *Cf. San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1092

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

(city election commission's investigation of plaintiff's activities was an ongoing state-initiated proceeding); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (appeal of a state board's decision to revoke a land surveying license was an ongoing, state-initiated proceeding); *see Thornbrough v. Western Placer Unified School Dist.*, No. 2:09-cv-02613-GEB-GGH, 2010 WL 3341810, at *2 (E.D. Cal. Aug. 23, 2010) (holding that *Younger* abstention was not available because plaintiff had initiated the state court writ proceeding at issue).

Plaintiff also fails to demonstrate that the state proceedings implicate an important state interest under the meaning of the *Younger* doctrine. At its inception, the Supreme Court limited the scope of *Younger* abstention to criminal cases, and criminal cases only. *See Younger*, 401 U.S. at 43-54 (holding that a federal court may not interfere with a pending state criminal prosecution absent extraordinary circumstances). Although the Supreme Court has since expanded the *Younger* doctrine to certain types of civil litigation, it has designated three types of civil proceedings that implicate state interests important enough for *Younger* to apply: (1) non-criminal proceedings that bear a close relationship to criminal proceedings; (2) proceedings necessary for the vindication of important state policies; and (3) proceedings necessary for the functioning of the state judicial system. *Middlesex Cnty. Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982). The first two categories implicate the state's executive interest and encompass cases in which the state or an agent of the state is a party in an enforcement posture. *Logan*, 722 F.3d at 1167 (citing *Portrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011)). The third category encompasses cases where the operation of the state judicial system is itself at issue. *Id.* The state actions here bear no resemblance to a criminal proceeding. *See Middlesex Cnty.*, 457 U.S. at 432. The cases do not involve California or agents of California, and do not implicate California's executive interest. *See Logan*, 722 F.3d at 1167. The operation of California's judicial system is not an issue. *See id.* The state actions therefore fail to implicate an "important state interest" under the meaning of the *Younger* doctrine. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1092.

The Court finds that there is no state-initiated proceeding which satisfies the Ninth Circuit's test for *Younger* abstention. *See Logan*, 722 F.3d at 1167. Plaintiff's motion for *Younger* abstention is therefore DENIED.

C. <u>Dismissal Under FRCP 41</u>

Finally, Plaintiff requests that the Court dismiss her claim without prejudice under FRCP 41. Once a defendant has filed an answer or a motion for summary judgment, a plaintiff may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-3747 PSG (MRWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Kristine M. Rodas v. Porsche Cars North America, Inc., *et al.* | | |

voluntarily dismiss the action only by stipulation or court order. Fed. R. Civ. P. 41(a)(1) & (2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Although Plaintiff has made no argument in support of dismissal under FRCP 41, the Ninth Circuit has recognized that "a district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice means prejudice to some legal interest, some legal claim, [or] some legal argument." *Hamilton*, 679 F.2d at 145-46.

Here, Defendant explains that the effect of the Court's scheduling order was to prevent Plaintiff from putting forth new evidence past the close of discovery, and that Defendant has a vested right to have this matter adjudicated on the record formed during discovery. *Opp.* 9. Defendant submits that it would lose that right if the Court were to grant dismissal. *Id.* Similarly, Defendant argues if the Court were to grant voluntary dismissal at this stage, Defendant would lose its legal argument that it is entitled to summary judgment on Plaintiff's claims. *Id.* The Court agrees. Furthermore, "[a] dismissal without prejudice pursuant to Rule 41(a)(2) leaves the parties where they would have stood had the lawsuit never been brought." *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). Dismissal in this case would leave Defendant worse off, facing the same claims in state court without the gains it has achieved in litigating this action to this point. The Court therefore finds that dismissal under FRCP 41 is improper, and Plaintiff's request to dismiss the claim is DENIED.

III.    Conclusion

For the foregoing reasons, Plaintiff's motion is DENIED.